**LAW OFFICES OF DONALD H. LONDON**
**DONALD H. LONDON, ESQ.**
**SBN (NY) 1880830**
984 N. Broadway, Suite 401
Yonkers, New York, 10701
Office: (914) 965-7230
Fax:     (914) 965-7237

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BAYAN MF EL JAMAL,<br>6002 Chelsea Cove North<br>Hopewell Junction, NY 12533<br><br>ALA DAKHIL MOH'D AL JAMAL,<br>NVC Case No: AMM2017642003<br>42 Ibrahim Al dhmour Street<br>Hay Alabdallat Markah Alshamaleyeh<br>Amman, Jordan<br><br>    Plaintiffs,<br><br>    vs.<br><br>IAN G. BROWNLEE, Acting Assistant Secretary<br>for Consular Affairs<br>U. S. Department of State<br>Office of the Legal Advisor<br>600 19th Street, NW, Suite 5.600<br>Washington, DC 20522<br><br>JULIE M. STUFFT, Acting Deputy Assistant<br>Secretary for Visa Services<br>U. S. Department of State<br>Office of the Legal Advisor<br>600 19th Street, NW, Suite 5.600<br>Washington, DC 20522<br><br>BOB JACHIM, Consul General<br>U.S. Embassy - Amman Jordan<br>Office of the Legal Advisor | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>**Case No.** |

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

1

1    600 19th Street, NW, Suite 5.600                                    )
     Washington, DC 20522                                                )
2                                                                        )
     ANTONY J. BLINKEN, U.S. Secretary of State                         )
3    U. S. Department of State                                          )
     Office of the Legal Advisor                                        )
4    600 19th Street, NW, Suite 5.600                                    )
     Washington, DC 20522                                                )
5                                                                        )
     FEDERAL BUREAU OF INVESTIGATION                                    )
6    Attorney General U.S.                                               )
     Department of Justice                                              )
7    935 Pennsylvania Avenue, NW                                         )
     Washington, DC 20535                                                )
8                                                                        )
     CHRISTOPHER A. WRAY, Director of the                               )
9    Federal Bureau of Investigation                                    )
     935 Pennsylvania Avenue, NW                                         )
10   Washington, DC 20535                                                )
                                                                         )
11   _____ Defendants. _____ )

12                 **VERIFIED COMPLAINT FOR MANDAMUS**
13                  **AND DECLARATORY JUDGMENT**

14         The Plaintiffs, Bayan MF El Jamal, and Ala Dakhil Moh'd Al Jamal,

15   through undersigned counsel, complain of the Defendants, IAN G. BROWNLEE,

16   Acting Assistant Secretary for Consular Affairs, U.S. Department of State; JULIE

17   M. STUFFT, Acting Deputy Assistant Secretary for Visa Services, U.S.

18   Department of State; BOB JACHIM, Consul General, U.S. Embassy – Amman,

19   Jordan; ANTONY J. BLINKEN, U.S. Secretary of State; and CHRISTOPHER A.

20   WRAY, Director of the Federal Bureau of Investigation, as follows:

21

22

23

24

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

                                        2

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

# INTRODUCTION

1. This is an action to compel the Defendants and those acting under them to immediately and forthwith take all appropriate action to issue a decision on the lawfully filed Immigrant Visa application of the Plaintiff, Ala Dakhil Moh'd Al Jamal ("Ala Al Jamal" or "Mr. Al Jamal"), which has been pending at the U.S. Embassy – Amman, Jordan (the "Consulate") since on or before October 19, 2017. The Immigrant Visa application is based on an approved Petition for Alien Relative (Form I-130), filed on behalf of Mr. Al Jamal by his U.S. citizen spouse, the Plaintiff, Bayan MF El Jamal ("Bayan El Jamal" or "Mrs. El Jamal"). The Form I-130, which was received by U.S. Citizenship and Immigration Services on October 7, 2016, was approved on or about April 27, 2017 and was forwarded to the Consulate. *See* **Exh. 1 (Notice of I-130 Approval)**. Mr. Al Jamal appeared for an Immigrant Visa interview at the Consulate on October 19, 2017 at 1:00 PM. *See* **Exh. 2 (Appointment Notice).** Mr. Al Jamal was not issued a visa that day and no reason was given. Despite numerous queries and requests by the Plaintiff, Mrs. El Jamal, the undersigned attorney and Congressional inquiries from the United States House of Representative member, Antonio Delgado, the Consulate has thus far refused to issue a decision on his Immigrant Visa application. The answers to the inquiries are always the same, which is that his case is currently undergoing "administrative processing". *See* **Exh. 3 (Inquiries and Responses).**

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

2. The Plaintiffs are entitled to a decision on Ala Al Jamal's Immigrant Visa application. *See* 22 C.F.R. § 42.81(a) ("Issuance or refusal mandatory. When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of Immigration and Nationality Act and the implementing regulations, the consular officer *must either issue or refuse the visa*") (emphasis added)*; see also* §§ 101(a)(9), (16), 201(b)(2)(A)(i) of the Immigration and Nationality Act ("I.N.A."), 8 U.S.C.  §§ 1101(a)(9), (16), 1201(b)(2)(A)(i); *Patel v. Reno,* 134 F.3d 929, 932 (9th Cir. 1997) ("A consular officer is required by law to act on visa applications."). The Immigrant Visa application remains within the jurisdiction of the Defendants, who have improperly withheld action on it for over three years, to the detriment of the rights and privileges of the Plaintiffs.

## I.    JURISDICTION

3. This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction) and § 1361 (action to compel an officer of the United States to perform his duty) to redress the deprivation of rights, privileges and immunities secured to the Plaintiffs, by which statutes jurisdiction is conferred, and to compel the Defendants to perform a duty that the Defendants owe to the Plaintiffs. Jurisdiction is also conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedure Act ("APA").

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

4.   Under 28 U.S.C. § 1361, the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff". Furthermore, the Plaintiffs are challenging the Consulate's authority to refuse to adjudicate Ala Al Jamal's Immigrant Visa application, not challenging a decision within the discretion of the Consulate.   Therefore, jurisdiction exists for this Court to consider whether the Consulate has authority to withhold adjudication of the Immigrant Visa application. *See Patel*, 134 F.3d at 932; *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the U.S. v. Kerry*, 168 F.Supp.3d 268, 296-97 (D.D.C. 2016) (hereinafter, "*Iraqi Allies*") (finding mandamus jurisdiction where consulate failed to adjudicate Plaintiffs' visa applications in a reasonable time); *Rivas v. Napolitano*, 714 F.3d 1108, 1110 (9th Cir. 2013) (mandamus jurisdiction exists "'when [the] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion'") (quoting *Patel*, 134 F.3d at 931-32); *Schutz v. Secretary, Dept. of State*, 2012 WL 275521, at *2 (M.D. Fla. Jan. 31, 2012) (finding mandamus jurisdiction where "no consular official has yet decided whether or not to issue the visa"); *Raduga USA Corp. v. U.S. Dept. of State,* 440 F.Supp.2d 1140, 1149 (S.D. Cal. 2005) (finding mandamus jurisdiction where "Plaintiffs simply seek to compel the consul to render a final decision on Plaintiffs… visa applications which is mandated under [22 C.F.R.] § 42.81(a)").

5.  The APA requires the Consulate to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." The Consulate is subject to 5 U.S.C. § 555(b). *See Patel*, 134 F.3d at 931-32 ("Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review.  However, when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.") (internal citations omitted); *Iraqi Allies*, 168 F.Supp.3d at 290-96; *Rivas*, 714 F.3d at 1111 (APA jurisdiction exists where Consulate failed to adhere to "mandatory language used in the regulation"); *Raduga USA*, 440 F.Supp.2d at 1146 ("Plaintiffs seek only to compel the consul to make a decision on their visa applications, which the consul is required to make in the first place pursuant to 22 C.F.R. § 42.81(a). Accordingly, the Court finds that Plaintiffs have sufficiently demonstrated Article III standing to bring this APA mandamus action.") (internal citation omitted). As set forth below, the delay in processing Mr. Al Jamal's Immigrant Visa application is unreasonable.

6.  The Code of Federal Regulations is unambiguous that the Consulate has a mandatory and affirmative duty to adjudicate a properly filed Immigrant Visa application where the underlying I-130 petition has been approved by USCIS and forwarded to the appropriate overseas consulate. 22 C.F.R. § 42.81(a).

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

## II.   VENUE

7.  Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the District where the U.S. citizen plaintiff resides and no real property is involved in the action.

## III.   PARTIES

8.  Plaintiff BAYAN EL JAMAL is a U. S. citizen and the petitioner for a Form I-130 Petition for Alien Relative filed on behalf of her spouse, Mr. Ala Al Jamal. She is currently a resident and domiciliary of Hopewell Junction, New York in Dutchess County.

9.  Plaintiff ALA AL JAMAL is the beneficiary of an approved I-130 Petition for Alien Relative filed by his U.S. citizen spouse, Bayan El Jamal, and is an applicant for an Immigrant Visa currently pending at the U.S. Embassy – Amman, Jordan.

10. Defendant IAN G. BROWNLEE is Acting Assistant Secretary for Consular Affairs at the U.S. Department of State. This suit is brought against Acting Assistant Secretary Brownlee in his official capacity, as he is charged with oversight of all consular matters, including the processing of immigrant visas.

7

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

11. Defendant JULIE M. STUFFT is Acting Deputy Assistant Secretary for Visa Services at the U.S. Department of State. This suit is brought against Assistant Secretary Stufft in her official capacity, as she is charged with all matters relating to visas and the administration of visa-related laws.

12. Defendant BOB JACHIM is Consul General of the U.S. Embassy in Amman, Jordan. This suit is brought against Consul General Jachim in his official capacity, as he is responsible for all consular activities of the Embassy.

13. Defendant ANTONY G. BLINKEN is the Secretary of State. He is the head of the U. S. Department of State, the department under which Consul General Jachim operates. This suit is brought against Secretary Blinken in his official capacity, as he has supervisory responsibility over the Consul General.

14. Defendant CHRISTOPHER A. WRAY is the Director of the Federal Bureau of Investigation. This suit is brought against Director Wray in his official capacity, as he supervises the Federal Bureau of Investigation, which is responsible for performing background checks on visa applicants.

15. The Federal Bureau of Investigation is a national security organization with intelligence and law enforcement responsibility. It is responsible for performing background checks, including name checks, requested by other agencies including Homeland Security Investigations, Fraud Detection and National

8

1   Security Directorate, United States Citizenship and Immigration Services

2   ("USCIS") and the U.S. Department of State ("DOS").

3

4   **IV.    CAUSE OF ACTION**

5   16. On October 7, 2016, Bayan El Jamal filed with USCIS a Form I-130, Petition

6       for Alien Relative, on behalf of her spouse, Ala Al Jamal, a citizen of Jordan,

7       pursuant to I.N.A. § 201(b)(2)(A)(i) ("Immediate relatives"). The I-130 Petition

8       was approved by USCIS on or about April 27, 2017. *See* **Exh. 1**.  It was then

9       forwarded to the U.S. Embassy – Amman, Jordan for further processing and the

10      scheduling of an Immigrant Visa interview. *See* **Exh. 2**. On October 19, 2017,

11      Mr. Al Jamal appeared at the consulate for his Immigrant Visa interview.  He

12      was not issued a visa that day and was told by the Consular Officer that security

13      background checks were not completed and he should expect an answer within

14      two (2) to six (6) weeks.

15

16  17. Despite numerous queries by Mr. Al Jamal, Mrs. El Jamal, the undersigned

17      attorney, and congressional inquiries from U.S. Congressman Antonio Delgado,

18      the Embassy has thus far refused to issue a decision on his Immigrant Visa

19      application. *See* **Exh. 3**.  The answers to all these inquiries are always been the

20      same:  Mr. Al Jamal's case is pending "administrative processing" and this

21      process is ongoing and cannot be waived or expedited.

22

23

24

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

18. The Immigrant Visa application has been pending at the U.S. Consulate since on or before October 19, 2017 when Mr. Al Jamal appeared for his Immigrant Visa Interview.  The Consulate's over three-and-a-half-year delay in issuing a final decision is unacceptable and unreasonable.  *See* 22 C.F.R. § 42.81(a); *see also Patel*, 134 F.3d at 932 ("A consular office is required by law to act on visa applications."); *Raduga USA*, 440 F.Supp.2d at 1149 ("The Court finds the consul's four year delay unreasonable and therefore issues a writ of mandamus directing the consul to render a final decision, either granting or denying Plaintiffs' visa applications pursuant to § 42.81(a).").

19. The issuance or denial of visas is the responsibility of consular officers under the I.N.A.  *See* I.N.A. §§ 201(b)(2)(A)(i), 101(a)(9), (16); 22 C.F.R. § 42.81(a); *see also Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999); *Patel*, 134 F.3d at 933 ("[I]t is uncontested that only State Department consular officers have the power to issue visas."); *Raduga USA*, 440 F.Supp.2d at 1145 (holding that "[a]ny delay in processing Plaintiffs' visa applications is therefore traceable solely to the consular officials").

20. In general, a consular officer's decision to grant or deny a visa petition is not subject to judicial review; this is known as the "doctrine of consular nonreviewability." *See, e.g., Saavedra Bruno,*197 F.3d at 1159 ("The doctrine holds that a consular official's decision to issue or withhold a visa is not subject to judicial review[.]"); *American Sociological Ass'n v. Chertoff*, 588 F.Supp.2d

10

166, 171 (D. Mass. 2008); *American Academy of Religion v. Chertoff,* 463 F.Supp.2d 400, 416 (S.D.N.Y. 2006).

21. However, where a plaintiff "challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists." *Patel,* 134 F.3d at 931-32 (footnotes and citations omitted); *Rivas,* 714 F.3d at 1110 (quoting *Patel,* 134 F.3d at 931-32). *See also American Academy of Religion v. Chertoff,* 463 F.Supp.2d at 421 ("[T]he wide latitude given the Executive to grant or deny a visa application ... does not include the authority to refuse to adjudicate a visa application."); *Iraqi Allies,* 168 F.Supp.3d 268, at 290-92 (finding mandamus jurisdiction where visa issuance delayed due to "administrative processing"; jurisdiction fails only when "a consular officer has made a decision with respect to a particular visa application") (emphasis in original); *Assad v. Holder,* 2013 WL 5935631, at *3 (D.N.J. Nov. 1, 2013) (finding mandamus jurisdiction over pending spousal Immigrant Visa petition subject to "administrative review" where the "consular officer has a nondiscretionary duty to act and refuses to do so"); *Schutz,* 2012 WL 275521 at *1-*3 (finding mandamus jurisdiction over pending daughter-parent Immigrant Visa petition subject to "administrative processing" where "no consular official has yet decided whether or not to issue the visa").

22. The doctrine of consular nonreviewability is simply not applicable here. The Plaintiffs are not asking the Court to review the Consulate's decision to approve

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

11

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

or deny a visa request. Rather, in this case the Consulate has failed to render *any* decision, despite more than three years having passed since Mr. Al Jamal's visa interview. The Plaintiffs seek only to compel the Consulate to make a decision on the pending Immigrant Visa application, "which the consul is required to make in the first place pursuant to 22 C.F.R. § 42.81(a)." *Raduga USA*, 440 F.Supp.2d at 1146 (citing *Patel*, 134 F.3d at 932); *see also Iraqi Allies*, 168 F.Supp.3d 268, at 290-91 (denying motion to dismiss and finding mandamus jurisdiction "[w]hen the Government simply declines to provide a decision in the manner provided by Congress, it is not exercising its prerogative to grant or deny applications but failing to act at all"); *Assad*, 2013 WL 5935631 at *3-*4 (denying motion to dismiss and finding mandatory duty to act on Immigrant Visa application where Consulate failed to make a decision pursuant to 22 C.F.R. § 42.81(a)); *Schutz*, 2012 WL 275521 at *1-*3 (same).

## V.    CLAIMS

23. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Liberty Fund, Inc. v. Chao*, 394 F.Supp.2d 105, 113 (D.D.C. 2005); *see also Patel*, 134 F.3d at 933 (duty to adjudicate an immigrant visa application). The Plaintiffs clearly meet all three of these criteria. *See, e.g., Raduga USA*, 440 F.Supp.2d at 1146 ("Plaintiffs' claim here is clear and certain, and the consul's nondiscretionary,

ministerial duty is plainly prescribed.  Furthermore, Plaintiffs have no other means to compel the United States consul to make a decision.").

24. The Plaintiffs have fully complied with all statutory and regulatory requirements for seeking an Immigrant Visa for Mr. Al Jamal, including obtaining approval of an I-130 Petition for Alien Relative and submitting all necessary documentation and paying all required fees.

25. The Defendants have willfully and unreasonably failed to adjudicate Mr. Al Jamal's Immigrant Visa application for more than three and a half years, thereby depriving the Plaintiffs of their rights under 22 C.F.R. § 42.81(a) and the APA to have a properly filed visa application decided in a timely manner.

26. The Defendants owe the Plaintiffs a duty to act upon Mr. Al Jamal's Immigrant Visa application.   This duty is owed under the I.N.A. and the federal regulations. *See* I.N.A. §§ 201(b)(2)(A)(i); 101(a)(9), (16); 22 C.F.R. § 42.81(a); *see also, e.g., Donovan v. U.S.,* 580 F.2d 1203, 1208 (3d Cir. 1978) (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act). Adjudication of Mr. Al Jamal's Immigrant Visa application is a purely ministerial, nondiscretionary act which the Defendants are under an obligation to perform in a timely manner; the Plaintiffs have no alternative means to obtain adjudication of the visa; and their right to issuance of the writ is "clear and

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *see also In re First Federal Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Patel*, 134 F3d. at 933 ("[W]e find that the consulate had a duty to act and that to date…the consulate has failed to act in accordance with that duty and the writ [of mandamus] should issue.").

27. Mandamus action is also appropriate because the Defendants have failed to act within a reasonable period of time. *See e.g., Liu v. Novak*, 509 F.Supp.2d 1, 9 (D.D.C. 2007) (holding that the APA requires the government to act within a reasonable period of time); *see also Sierra Club v. Thomas*, 828 F.2d 783, 794 (D.C. Cir. 1987) (stating that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"). The Plaintiffs have already waited more than three years for Mr. Al Jamal's Immigrant Visa application to be adjudicated, without explanation from the Consulate for the delay, other than the bare statement that it is under "administrative processing", which is inherently unreasonable. *See Raduga USA*, 440 F.Supp.2d at 1149 (finding consulate's four year delay unreasonable and issuing writ of mandamus instructing consulate to either grant or deny Plaintiffs' visa applications within 60 days). The Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law. *See* I.N.A. §§ 201(b)(2)(A)(i), 101(a)(9), (16); 22 C.F.R. § 42.81(a).

14

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

28. In sum, Mr. Al Jamal's Immigration Visa application has been pending for more than 45 months with no decision.  The Plaintiff's claims are clear and certain, and the Embassy's nondiscretionary, ministerial duty is plainly prescribed.  In addition, the Plaintiffs have no other means to compel the Defendants to issue a decision on the pending visa application.  This Court should therefore issue a writ of mandamus directing the Consulate to render a decision either granting or denying Mr. Al Jamal's Immigrant Visa application pursuant to 22 C.F.R. § 42.81(a).  *See* I.N.A. §§ 201(b)(2)(A)(i), 101(a)(9), (16); *Patel*, 134 F.3d at 933; *Raduga USA*, 440 F. Supp. 2d at 1149.

29. Accordingly, Defendants' failure to act on the Petition constitutes agency action unlawfully withheld or unreasonably delayed, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1).  Further, as demonstrated, Defendants' failure to act on the Petition is arbitrary, capricious, or otherwise not in accordance with law and has violated the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

30. The Defendant's delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## VI.        PRAYER

WHEREFORE, the Plaintiffs pray of this Court:

15

A. Compel the Defendants and those acting under them to perform their duty to adjudicate the Immigrant Visa application of Mr. Al Jamal without further delay;

B. Grant reasonable attorney's fees and costs of the Court under the Equal Access to Justice Act ("EAJA");

C. Grant such other and further relief as this Court may deem proper.

Respectfully submitted this **28** day of September, 2021.

Donald H. London (DL-1930)
Law Offices of Donald H. London
984 North Broadway, Suite 401
Yonkers, New York 10701
Tele: (914) 965-7230
Fax: (914) 965-7237
don@dlondon.com
NYS Bar Number: 1880830

*Attorney for Plaintiffs*

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

1

## TABLE OF AUTHORITIES

2 **Cases**

3 *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980) ...................................................... 14

4 *American Sociological Ass'n v. Chertoff*, 588 F.Supp.2d 166 (D. Mass. 2008) ............... 10, 11

5 *American Academy of Religion v. Chertoff*, 463 F.Supp.2d 400 (S.D.N.Y. 2006) ................... 11

6 *Assad v. Holder*, 2013 WL 5935631 (D.N.J. Nov. 1, 2013) ........................................... 11, 12

7 *Donovan v. U.S.*, 580 F.2d 1203 (3d Cir. 1978) ......................................................... 13

8 *In re First Federal Savings and Loan Ass'n of Durham*, 860 F.2d 135 (4th Cir. 1988).......... 14

9 *Liberty Fund, Inc. v. Chao*, 394 F.Supp.2d 105 (D.D.C. 2005) ........................................ 12

10 *Liu v. Novak*, 509 F. Supp.2d 1 (D.D.C. 2007) ......................................................... 14

11 *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the U.S. v. Kerry*,

12 168 F.Supp.3d 268 (D.D.C. 2016) .......................................................... 5, 6, 11, 12

13 *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1998)  ................................4-6, 10-12, 14, 15

14 *Raduga USA Corp. v. U.S. Dept. of State*, 440 F.Supp.2d 1140 (S.D. Cal. 2005).......................

15 ............................................................................................ 5, 6, 10, 12-15

16 *Rivas v. Napolitano*, 714 F.3d 1108 (9th Cir. 2013) ........................................... 5, 6, 11

17 *Saavedra Bruno v. Albright*, 197 F.3d 1153 (D.C. Cir. 1999) ........................................ 10

18 *Schutz v. Secretary, Dept. of State*, 2012 WL 275521 (M.D. Fla. Jan. 31, 2012).......... 5, 11, 12

19 *Sierra Club v. Thomas*, 828 F.2d 783 (D.C. Cir. 1987) ........................................... 14

20

21 **Statutes**

22 5 U.S.C. § 555 ..................................................................................... 4, 6

23 5 U.S.C. § 704 ........................................................................................ 4

24

5 U.S.C. § 706 ..................................................................................................... 15

8 U.S.C. § 1101, I.N.A. § 101 ................................................................... 4, 10, 13-15

8 U.S.C. § 1151, I.N.A. § 201 ............................................................. 4, 9, 10, 13-15

8 U.S.C. § 1329, I.N.A. § 279 ................................................................................ 4

28 U.S.C. § 1331 .................................................................................................. 4

28 U.S.C. § 1361 ............................................................................................... 4, 5

28 U.S.C. § 1391 ---------------------------------------------------------------------------7

28 U.S.C. § 2412 ----------------------------------------------------------------------- 15


**Regulations**

22 C.F.R. § 42.81 ------------------------------------------------------------ 4-6, 10, 12-15

18

**TABLE OF AUTHORITIES**

**Cases**

*Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980) ..................................................... 14

*American Sociological Ass'n v. Chertoff*, 588 F.Supp.2d 166 (D. Mass. 2008) ............... 10, 11

*American Academy of Religion v. Chertoff*, 463 F.Supp.2d 400 (S.D.N.Y. 2006) .................. 11

*Assad v. Holder*, 2013 WL 5935631 (D.N.J. Nov. 1, 2013) ............................................. 11, 12

*Donovan v. U.S.*, 580 F.2d 1203 (3d Cir. 1978)........................................................... 13

*In re First Federal Savings and Loan Ass'n of Durham*, 860 F.2d 135 (4th Cir. 1988).......... 14

*Liberty Fund, Inc. v. Chao*, 394 F.Supp.2d 105 (D.D.C. 2005)............................................ 12

*Liu v. Novak*, 509 F. Supp.2d 1 (D.D.C. 2007) ............................................................... 14

*Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the U.S. v. Kerry*, 168 F.Supp.3d 268 (D.D.C. 2016) .......................................................................... 5, 6, 11, 12

*Patel v. Reno*, 134 F.3d 929 (9th Cir. 1998) .........................................................4-6, 10-12, 14, 15

*Raduga USA Corp. v. U.S. Dept. of State*, 440 F.Supp.2d 1140 (S.D. Cal. 2005)......................

................................................................................................................... 5, 6, 10, 12-15

*Rivas v. Napolitano*, 714 F.3d 1108 (9th Cir. 2013) ...................................................... 5, 6, 11

*Saavedra Bruno v. Albright*, 197 F.3d 1153 (D.C. Cir. 1999) ................................................ 10

*Schutz v. Secretary, Dept. of State*, 2012 WL 275521 (M.D. Fla. Jan. 31, 2012).......... 5, 11, 12

*Sierra Club v. Thomas*, 828 F.2d 783 (D.C. Cir. 1987) ........................................................ 14

**Statutes**

5 U.S.C. § 555 ....................................................................................................... 4, 6

5 U.S.C. § 704 ........................................................................................................... 4

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

17

Law Offices of Donald H. London
984 N. Broadway, Suite 401
Yonkers, NY 10701
Phone: (914) 965-7230

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

5 U.S.C. § 706 ......................................................................................................... 15

8 U.S.C. § 1101, I.N.A. § 101 ....................................................................... 4, 10, 13-15

8 U.S.C. § 1151, I.N.A. § 201 ................................................................... 4, 9, 10, 13-15

8 U.S.C. § 1329, I.N.A. § 279 ..................................................................................... 4

28 U.S.C. § 1331 ......................................................................................................... 4

28 U.S.C. § 1361 ...................................................................................................... 4, 5

28 U.S.C. § 1391 ------------------------------------------------------------------------------7

28 U.S.C. § 2412 ----------------------------------------------------------------------------- 15


**Regulations**

22 C.F.R. § 42.81 --------------------------------------------------------- 4-6, 10, 12-15

## TABLE OF CONTENTS

<u>**NO.**</u>    <u>**ITEM**</u>

1. Approved I-130 Petitioner to Beneficiary

2. Interview Letter Appointment Notice for 10/19/2017 for Amman, Jordan

3. Correspondence Regarding Case Status Inquiries